IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
Philadelphia Vicinage

| | |
|---|---|
| IN RE:<br><br>**LEON DONALD CLEVELAND**<br><br>Debtor. | Proceedings in Chapter 13<br><br>Case No. 22-11284-AMC<br><br>Hon. Judge Ashely M. Chan |

**OBJECTION OF GELT FINANCIAL CORPORATION
TO CONFIRMATION OF CHAPTER 13 PLAN**

Gelt Financial Corporation ("*GFC*" or "*Movant*"), by and through its attorney, Andrew L. Unterlack, Esquire of Eisenberg, Gold & Agrawal, P.C., objects to confirmation of Debtor's Chapter 13 Plan and asserts in support thereof as follows:

1. Leon Donald Cleveland ("*Debtor*") filed this bankruptcy petition under Chapter 13 of the United States Bankruptcy Code on May 18, 2022 ("*Petition Date*").

2. Movant is a secured creditor by virtue of being a holder of a mortgage on the premises located at 1400-1402 North 61st Street, Philadelphia, PA 19151 ("Property"). Said Mortgage dated November 5, 2007 to GFC was recorded in the Philadelphia County Recorder of Deed's Office on November 27, 2007 as Instrument Number 51814541.

3. Movant is also the holder of an Assignment of Rents on the Property. Said Assignment of Rents dated November 5, 2007 to GFC was recorded in the Philadelphia County Recorder of Deed's Office on November 27, 2007 as Instrument Number 51814542.

4. Debtor has valued the Property at $185,000.00 pursuant to Schedules A and D of the Petition.

5. Debtor has scheduled the balance due and owing to Movant as $185,000.00.

6. The total balance due and owing to Movant, as of May 31, 2022 (slightly post-Petition), was $179,622.48. It is clear that Debtor has little to no equity in the Property.

7. Debtor has not scheduled any pre-Petition arrears upon Movant's claim, although Movant believes arrearages exist on this obligation.

8. Debtor remained liable for continuing post-Petition payments, commencing June 1, 2022 (the first month after commencement of the Petition). However, Debtor has not consistently remitted post-Petition payments and is deficient thereon.

9. Movant is in the process of calculating the exact amount of the pre-Petition and post-Petition arrears, after proper application of payments remitted prior and subsequent to the Petition Date.

10. Debtor's Chapter 13 Plan proposes to pay all obligations of Debtor to GFC through the Trustee,

11. Movant has no proof that Debtor has existing insurance in place on the real estate encumbered by Movant's Mortgage and demands that Debtor produce proof of said coverage to this Court.

12. Movant has no proof that Debtor has paid the real estate taxes assessed against the real estate encumbered by Movant's Mortgage and demands that Debtor produce proof of said payments to this Court.

13. Debtor has not proposed the liquidation of the real estate currently encumbered by Movant's Mortgage to satisfy the outstanding claim.

14. Likewise, Debtor has not proposed a Plan sufficient to satisfy the entirety of the remaining balance due and owing from Debtor to GFC, without liquidation of the collateral.

15. As such, Debtor's Plan is not feasible as it does not fully compensate GFC, a secured creditor by virtue of the referenced Mortgage.

16. Objection is made to confirmation of the proposed Plan as Debtor proceeds in bad faith, as the differential "monthly net income" is only $1,634.62 per month yet the Debtor somehow proposes to pay the Trustee $3,970.53 per month under the proposed Plan.

17. Objection is made to confirmation of the proposed Plan in the event that: (a) the Debtor has failed to make all required payments to the standing trustee pursuant to 11 U.S.C. §1326; (b) the proposed Plan fails to comply with the requirements of the Bankruptcy Code and is not proposed in good faith; (c) the proposed Plan is not feasible; and/or (d) the proposed Plan fails to comply with other applicable provisions of Title 11.

18. In the event that any portion of the claim is deemed to be unsecured, objection is hereby made pursuant to 11 U.S.C. §1325(a)(4) and 1325(b) unless the Plan provides for full payment of the claim.

**WHEREFORE**, Gelt Financial Corporation requests that the Court deny confirmation of Debtor's Plan.

## RESERVATION OF RIGHTS

Gelt Financial Corporation reserves its right to object to any proposed modifications of the Plan and expressly reserves any and all objections it may have to the confirmation of the Plan.

Respectfully Submitted,

**EISENBERG, GOLD & AGRAWAL, P.C.**
Attorneys for Secured Creditor,
Gelt Financial Corporation

Dated: March 7, 2023      By:   /s/ Andrew L. Unterlack
Andrew L. Unterlack, Esquire
**Eisenberg, Gold & Agrawal, P.C.**
1040 Kings Highway North, Suite 200
Cherry Hill, New Jersey 08034
Tel: (856) 330-6200
Fax: (856) 330-6207
Email: aunterlack@egalawfirm.com